OPINION *Page 2 
{¶ 1} Defendant-appellant Randall Hahn appeals his conviction and sentence entered by the Tuscarawas County Court on one count of operating a motor vehicle while under the influence; one count of driving under suspension; and one count of fictitious registration, after the trial court found him guilty following his entering pleas of no contest. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} Following a traffic stop on April 13, 2008, Appellant was charged with driving under the influence, in violation of R.C. 4511.19(A)(1)(a); driving under suspension, in violation of R.C. 4510.14(A); and fictitious registration, in violation of R.C. 5449.08. Appellant appeared before the trial court for arraignment on April 15, 2008, and entered pleas of not guilty to the charges. Appellant subsequently filed a motion to suppress, alleging the arresting officer did not have probable cause to arrest him; therefore, any evidence discovered or statements made by Appellant as a result should be suppressed.
 {¶ 3} The trial court conducted a hearing on the motion on October 9, 2008. Deputy Michael Hickman of the Tuscarawas County Sheriffs Department testified he was on routine patrol during the midnight shift on April 13, 2008. At approximately 3:03am, Deputy Hickman observed a vehicle fail to stop at a stop sign at the intersection of Vernon and East State Streets in the Village of Midvale. The deputy immediately activated his cruiser lights and pursued the vehicle. The driver of the vehicle, who was subsequently identified as Appellant, did not pull over, but rather *Page 3 
accelerated up a hill. Trooper Hickman activated his audible siren and issued a radio dispatch to send another officer to assist. As Appellant rounded a curve at the top of the hill, he swerved off the road. Appellant traveled over one mile before stopping his vehicle.
 {¶ 4} Deputy Hickman approached Appellant and ordered him to exit the vehicle. Appellant did not comply, and the deputy ordered him to exit the vehicle a second time. When Appellant finally exited the vehicle, Deputy Hickman noticed a strong odor of alcohol emanating from his person and his speech was very slurred. Deputy Hickman asked Appellant if he had consumed any alcohol and Appellant admitted he had. Deputy Hickman instructed Appellant to place his hands on the vehicle in order to conduct a pat down search for officer safety. Appellant refused to comply with the deputy's request, continually removing his hands from the vehicle and attempting to turn around. As a result of Appellant's failure to comply with the deputy's request to keep his hands on the vehicle, Deputy Hickman placed Appellant in handcuffs. Deputy Hickman then read Appellant his Miranda Rights. Deputy Hickman stated he is very familiar with Appellant and, prior to arresting Appellant, had personal knowledge Appellant's driving privileges were suspended. Appellant completed field sobriety testing and, thereafter, was placed under arrest.
 {¶ 5} Via Judgment Entry filed October 14, 2008, the trial court overruled Appellant's motion to suppress, finding Deputy Hickman had probable cause to arrest Appellant. Following the trial court's ruling on the motion to suppress, Appellant withdrew his former pleas of not guilty and entered pleas of no contest to the charges. The trial court found Appellant guilty and sentenced him accordingly. *Page 4 
 {¶ 6} Appellant raises as his sole assignment of error:
 {¶ 7} "I. THE 4TH AMENDMENT IS VIOLATED BY ARRESTING A DEFENDANT WITHOUT PROBABLE CAUSE."
 I {¶ 8} Herein, Appellant maintains his constitutional rights were violated as Deputy Hickman did not have probable cause to arrest him.
 {¶ 9} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning
(1982), 1 Ohio St.3d 19, 437 N.E .2d 583; State v. Klein (1991),73 Ohio App.3d 486, 597 N.E.2d 1141; State v. Guysinger (1993),86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994),95 Ohio App.3d 93, 641 N.E.2d 1172; State v. Claytor (1993), 85 Ohio App .3d 623, 620 N.E.2d 906; Guysinger, supra. As the United States *Page 5 
Supreme Court held in Ornelas v. U.S., (1996), 517 U.S. 690,116 S.Ct. 1657, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
 {¶ 10} In a motion to suppress, the trial court assumes the role of trier of fact, and, as such, is in the best position to resolve questions of fact and evaluate witness credibility. Guysinger, supra, at 594 (Citations omitted). Accordingly, an appellate court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. Id. (Citation omitted).
 {¶ 11} As a general rule, a warrantless arrest is valid if the arresting officer possessed probable cause to believe that the individual had committed or was committing a crime. See, e.g., Beck v.Ohio (1964), 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142. The law on probable cause has developed from the United States Supreme Court's holding in Illinois v. Gates (1983), 462 U.S. 213, 103 S.Ct. 2317,76 L.Ed.2d 527. In determining whether probable cause to arrest exists, the totality of the facts and circumstances must be "sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." Id. See, also, Gerstein v. Pugh (1975),420 U.S. 103, 111-112, 95 S.Ct. 854, 43 L.Ed.2d 54; State v. Tibbetts (2001),92 Ohio St.3d 146, 153, 749 N.E.2d 226. A determination of probable cause is made from the totality of the circumstances. Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, association with criminals and location. Katz, Ohio Arrest, Search and Seizure (1995), 77-81, Section T. 3.05(A), (B) and (C). *Page 6 
 {¶ 12} Upon review of the entire record in this matter, we find the totality of the facts and circumstances support the trial court's finding of probable cause. Deputy Hickman observed Appellant run a stop sign, making a hard left onto the intersecting street. Deputy Hickman activated his cruiser lights and pursued Appellant. Appellant failed to comply with the deputy's signal, and accelerated up a hill. Deputy Hickman activated the cruiser siren, but Appellant still did not stop. As Appellant rounded the top of the hill, he veered off the road, almost striking a guardrail. Appellant jerked his vehicle back onto the road. Appellant eventually stopped his vehicle. Deputy Hickman approached, and immediately noticed a strong odor of alcohol emanating from Appellant's person, and Appellant's speech was very slurred. Appellant admitted he had consumed alcohol. The deputy recognized Appellant, and had prior knowledge Appellant's driver's license was under suspension. Based upon the foregoing, we find Deputy Hickman had probable cause to arrest Appellant.
 {¶ 13} Appellant's sole assignment of error is overruled. *Page 7 
 {¶ 14} The judgment of the Tuscarawas County Court is affirmed.
Hoffman, J. Farmer, P.J. and Gwin, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court is affirmed. Costs to Appellant. *Page 1